UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

INTELLIGEN POWER SYSTEMS, LLC,

                                Plaintiff,

               -v-

dVENTUS TECHNOLOGIES LLC,

                                Defendant.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/16/2014

14 Civ. 7392 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

      Defendant dVentus Technologies LLC ("dVentus") removed this case from New York State Supreme Court to this Court based on diversity jurisdiction. Pending now is a motion to remand by plaintiff Intelligen Power Systems, LLC ("Intelligen"). For the reasons that follow, the remand motion is denied.

I.     **Factual and Procedural Background**[1]

      In May 2013, Intelligen and dVentus entered into a written agreement under which dVentus would design and produce a synchronous generator and inverter ("the Equipment") for Intelligen. Dkt. 1, Ex. A. Intelligen made a down payment of $78,551. *Id.*; Dkt. 14, Ex. 3.

      Claiming that dVentus failed to produce and deliver the Equipment as promised, Intelligen filed suit in New York State Supreme Court in Manhattan, alleging fraudulent inducement, breach of contract, and replevin. Dkt. 1, Ex. A. Among other relief, Intelligen seeks return of its $78,551 down payment. *Id.*

---

[1] The Court's account of the facts is derived from the removal documents and from the parties' submissions in support of and in opposition to the instant remand motion. The Court provides these facts merely as background and does not assume the truth of either side's claims.

1

dVentus states that it will assert counterclaims. Dkt. 1. It alleges that the production delays were due to changes that Intelligen made to its desired specifications; it will seek more than $350,000 from Intelligen in unpaid bills. *Id.*; Dkt. 21.

On or about April 28, 2014, Intelligen filed a summons in New York State Supreme Court, but had difficulty serving dVentus's sole member, Daniel Gizaw, then in Ethiopia at dVentus's factory. Dkt. 16 ("Pl. Br."), 1–4; Dkt. 19 ("Def. Br."), 6. Intelligen states that, by July 17, 2014, it had served Gizaw and his attorney. Pl. Br. 4. dVentus, for its part, states that it was not served until August 22, 2014. Def. Br. 1. Intelligen's summons with notice did not identify its member(s) or their citizenship. *See* Dkt. 1, Ex. A.

On September 12, 2014, dVentus removed this case to federal court, *see* Dkt. 1, after the investigation it conducted suggested that the parties, both of which are LLCs, were diverse: dVentus's sole member (Gizaw) is a Michigan citizen, while Intelligen's sole member (David Lesser) is a New York citizen, *see* Dkt. 20.

On October 14, 2014, Intelligen moved for remand and filed a supporting memorandum of law and accompanying declarations. *See* Dkt. 13, 14, 15, 16. Intelligen acknowledged that the case meets the requirements of diversity jurisdiction, in that the parties are in fact diverse and the amount in controversy exceeds $75,000. However, Intelligen argued, dVentus's removal was untimely because it came 57 days after it had been served, outside of the 30-day deadline set by 28 U.S.C. § 1446(b)(1). Pl. Br. 1. On November 6, 2014, dVentus filed a memorandum of law in opposition to the remand motion and accompanying declarations. *See* Dkt. 19, 20, 21. On November 20, 2014, Intelligen filed a reply memorandum of law and an accompanying declaration. *See* Dkt. 24, 25.

On December 15, 2014, the Court heard argument and denied the remand motion from the bench, advising the parties that a brief written opinion would follow.

## II. Discussion

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

It is undisputed that the requirements of diversity jurisdiction—complete diversity and an amount in controversy exceeding $75,000—are met here. *See Strawbridge v. Curtiss*, 7 U.S. 267, 267 (1806); 28 U.S.C. § 1332. Intelligen's sole basis for seeking remand is its claim that dVentus's removal (which Intelligen claims was done 57 days after service of its pleading) was untimely.

Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper

3

from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The Court holds that dVentus's removal was timely. Intelligen's pleading in New York State Supreme Court—a summons, not a Complaint—did not disclose its membership or its citizenship. "For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members." *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006) (citing, *inter alia*, *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000)). dVentus could not know, from the face of the summons, whether Intelligen had a member that was a citizen of Michigan, and thus itself was a citizen of Michigan, destroying diversity.

It is no answer to fault dVentus for failing to speedily investigate this point. It is well-settled that a defendant has no independent duty to investigate whether a case is removable. *See, e.g.*, *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). Although a defendant must "apply a reasonable amount of intelligence in ascertaining removability," it need not "look beyond the initial pleading for facts giving rise to removability." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) (quoting *Whitaker*, 261 F.3d at 206). And, where "removability is not apparent from the allegations of an initial pleading or subsequent document, the 30-day clocks of 28 U.S.C. §§ 1446(b)(1) and (b)(3) are not triggered." *Cutrone v. Mortgage Elec. Registration Sys., Inc.*, 749 F.3d 137, 143 (2d Cir. 2014); *accord Moltner*, 624 F.3d at 37 ("[T]he 30-day period did not begin to run until the defendant received the first document from which all of the facts giving rise to removability were evident.").

Under these circumstances, where Intelligen's pleadings did not make its citizenship apparent, the 30-day clock "did not begin to run" immediately. *Moltner*, 624 F.3d at 37; *cf. id.* at

4

38 ("[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."). And it is undisputed that the parties' contract also did not disclose Intelligen's citizenship.

In any event, dVentus moved swiftly, following service, to investigate Intelligen's citizenship. Within a few weeks, it had determined that the parties were likely diverse, and it then removed. dVentus's removal was therefore timely. Indeed, there is no credible argument that the 30-day clock ever began to run, let alone ran out. *See Cutrone*, 749 F.3d at 143; *Moltner*, 624 F.3d at 37.

Federal jurisdiction is therefore proper.[2]

## CONCLUSION

For the foregoing reasons, the Court holds that it has jurisdiction over the case and that dVentus's removal was timely. Accordingly, the Court denies Intelligen's motion to remand.

The Clerk of Court is directed to terminate the motion pending at docket number 13.

SO ORDERED.

Paul A. Engelmayer<br>
PAUL A. ENGELMAYER<br>
United States District Judge

Dated: December 16, 2014
       New York, New York

---

[2] In light of this holding, the Court has no occasion to consider the other arguments in the parties' submissions.

5