UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

INTELLIGEN POWER SYSTEMS, LLC,

                        Plaintiff,

           -v-

dVENTUS TECHNOLOGIES LLC,

                       Defendant.

------------------------------------------------------------------X

14 Civ. 7392 (PAE)

<u>OPINION & ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/19/2015

PAUL A. ENGELMAYER, District Judge:

      On April 21, 2015, the Court scheduled argument on defendant dVentus Technologies

LLC's ("dVentus") motion to dismiss the Amended Complaint of plaintiff Intelligen Power

Systems, LLC ("Intelligen"). Dkt. 69. Today, less than 48 hours before this argument, counsel

for dVentus moved to withdraw, implicitly seeking to defer argument on the motion to dismiss,

and asking that dVentus be given a reasonable amount of time to find replacement counsel. *See*

Dkt. 77, 78.

      Argument on the motion to dismiss will go forth as scheduled, on May 21, 2015, at 1:30

p.m. Following the argument, the Court will take up the motion to withdraw, including, if

warranted, hearing *in camera* from defense counsel as to the bases for that motion.

      dVentus seeks to withdraw pursuant to Local Civil Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party may be relieved or
> displaced only by order of the court and may not withdraw from a case without
> leave of the court granted by order. Such an order may be granted only upon a
> showing by affidavit or otherwise of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including its position, if any, on the
> calendar . . . .

As dVentus points out in its memorandum of law in support of its motion, Dkt. 78, courts

consider two factors in determining whether to grant a motion to withdraw: "the reasons for

withdrawal and the impact of the withdrawal on the timing of the proceeding." *Blue Angel*

*Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469 (DAB) (JCF), 2011 WL 672245, at *1

(S.D.N.Y. Feb. 17, 2011) (collecting cases).

Here, both factors support holding argument on the motion to dismiss first, and then

taking up the motion to withdraw.

First, in its submissions, defense counsel has only averred generally that "sufficient

reasons for withdrawal exist," and "satisfactory reasons for granting the motion to withdraw . . .

exist." Dkt. 77, 78. Counsel has not provided any specific reason, however, which renders the

Court unable to assess the validity of this motion at this time. The Court will, following

argument, invite explanation from defense counsel as to the basis for the motion to withdraw,

and will thereafter assess whether the bases are satisfactory to justify withdrawal at this stage.

*See, e.g.*, *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950 (DAB),

2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005) ("'Satisfactory reasons include failure to pay

legal fees, a client's lack of cooperation—including lack of communication with counsel, and the

existence of an irreconcilable conflict between attorney and client.'") (quoting *Hallmark Capital*

*Corp. v. Red Rose Collection, Inc.*, No. 96 Civ. 2839 (RPP) (AJP), 1997 WL 661146, at *2

(S.D.N.Y. Oct. 21, 1997)); *Cower v. Albany Law School of Union University*, No. 04 Civ. 643

(DAB), 2005 WL 1606057, at *5 (S.D.N.Y. July 8, 2005).

Second, in "addressing motions to withdraw as counsel, district courts have typically

considered whether the prosecution of the suit is [likely to be] disrupted by the withdrawal of

counsel." *Whiting v. Lacara*, 187 F.3d 317, 320–21 (2d Cir. 1999) (citations and internal

quotation marks omitted) (alteration in original).  Such is this case here.  Oral argument on the motion to dismiss is imminent, and defense counsel is personally familiar with the arguments he has made for dismissal.  Holding argument as scheduled will permit the Court to move the case forward, whereas deferring argument until, potentially, a successor counsel is retained and can get up to speed will delay the case, potentially for a month or more.  Further, as the Court has previously, and repeatedly, expressed to these parties, this case has already suffered from an unusual degree of delay and discord, for which the defense shares partial responsibility.  *See, e.g.*, Dkt. 52, 54, 55, 60; Dkt. 72, 75.  To give one example, it was recently brought to the Court's attention that the defense had, until recently, refused to schedule any depositions, even though the *already-extended* discovery deadline was two days away, and there remained at least four depositions to conduct.  *See* Dkt. 71.  Given the course of this litigation, the Court is concerned that the motion may be motivated, in part, by a desire for delay, and that in any event, delay would be the inevitable consequence of granting the motion before hearing argument on the motion to dismiss.  *See, e.g., Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064 (CSH), 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996) (denying motion to withdraw and noting concern with litigation delay because it would be "too easy for a defendant to stall proceedings by inducing the withdrawal of its attorney by non-payment of fees") (cited with approval in *Whiting*, 187 F.3d at 320–21).  Notably, defense counsel has not suggested that withdrawal is mandatory on ethical grounds.

The Court accordingly will take up argument first on the motion to dismiss, thereby allowing the Court to expeditiously resolve that motion.  The Court will also take up the issues raised in plaintiff's counsel's letter of today.  *See* Dkt. 79.  Following argument, the Court will then hear from defense counsel as to the bases for the application to withdraw.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 19, 2015
       New York, New York